United States District Court
Southern District of Texas
**ENTERED**
November 18, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION H-18-237-1 |
| | § | |
| JULISSA DIAZ | § | |

**ORDER DENYING MOTION FOR SEVERANCE**

Pending before the court is defendant Julissa Diaz's motion to sever. Dkt. 124. The government responded in opposition to severance. Dkt. 128. Having considered the motion, response, and applicable law, the court is of the opinion that Ms. Diaz's motion should be DENIED.

**I. BACKGROUND**

Ms. Diaz seeks to sever her trial from that of her co-defendant and former husband, Ricardo Diaz. Dkt. 124. The defendants each are charged with conspiracy to possess with intent to distribute a controlled substance. Dkt. 48. Ms. Diaz alleges that "their marriage was marred by repeated acts of domestic violence and that [Mr. Diaz] exerted certain physical and psychological control over [her] throughout the marriage. *Id.* at 1. She argues three ways proceeding to trial with Mr. Diaz would prejudice her: (1) that her "right to testify in her own defense free of intimidation," would be compromised; (2) the jury might question Ms. Diaz's credibility if defendants are sitting together at the same counsel table during trial; and (3) her defense is necessarily antagonistic to that of Mr. Diaz. *Id.* at 4. The government contends that severance is unwarranted because Ms. Diaz arguments are insufficient to meet the demanding requirements of Federal Rule of Criminal Procedure 14 and curative instructions can mitigate any potential prejudice to Ms. Diaz. Dkt. 128 at 8.

## II. LEGAL STANDARD

"Defendants who are indicted together should generally be tried together, particularly in conspiracy cases." *United States v. Musquiz*, 45 F.3d 927, 931 (5th Cir. 1995). "If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials . . . or provide any other relief that justice requires. Fed. R. Crim. P. 14(a). To warrant Rule 14 severance relief, a defendant must show that "(1) the joint trial [would prejudice her] to such an extent that the district court could not provide adequate protection; and (2) the prejudice outweighed the government's interest in economy of judicial administration." *United States v. Ledezma-Cepeda*, 894 F.3d 686, 690 (5th Cir. 2018). "Severance is an exception warranted 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *Id.* (quoting *Zafiro v. United States*, 506 U.S. 534, 539, 113 S. Ct. 933 (1993)) (internal citations omitted). "Additionally, in conspiracy cases [the Fifth Circuit] generally favor[s] specific instructions over severance." *Id.*

## III. ANALYSIS

The only "specific trial right" Ms. Diaz argues would be compromised is her right to testify free of intimidation or threat, but she provides no legal or constitutional authority recognizing such a right, and this court declines to recognize a new right absent such authority. Ms. Diaz's other concerns also do not merit severance. Specific instructions to the jury can mitigate concerns about potential inferences about courtroom seating. Because Ms. Diaz has not shown "serious risk [to] a specific trial right," the court declines to sever her trial from Mr. Diaz's trial.

Ms. Diaz's other two arguments do not implicate any specific trial right. She is concerned the jury may draw improper inferences if she must share a counsel table with Mr. Diaz. However,

'it is generally presumed that juries follow the instructions given to them by the district court and are capable of compartmentalizing the evidence against each defendant." *Ledezma-Cepeda*, 894 F.3d at 690. Specific instructions to the jury can mitigate any potential inferences the jury may draw from courtroom seating arrangements, therefore severance is unwarranted.

Ms. Diaz also insists that "her defense that [Mr. Diaz] coerced, threatened and order her to" participate in the alleged conspiracy is "irreconcilable and mutually exclusive" with Mr. Diaz's defense. Dkt. 124 at 3-4. Severance is appropriate when "the defenses of two co-defendants are antagonistic to the point of being mutually exclusive or irreconcilable," but "[t]o meet this standard, the essence or core of the defenses must be in conflict, such that the jury, in order to believe the core of one defense, must necessarily disbelieve the core of the other defense." *United States v. Almeida-Biffi*, 825 F.2d 830, 833 (5th Cir. 1987) (internal quotations omitted). This is not the case when a defendant presents a duress defense implicating their former spouse. *See id.* The court is unpersuaded that Ms. Diaz's duress defense is irreconcilable or mutually exclusive of Mr. Diaz's defense.

### IV. CONCLUSION

Accordingly, the court finds that Ms. Diaz has not met her burden for Rule 14 severance relief. Her motion for severance (Dkt. 124) is **DENIED**.

Signed at Houston, Texas on November 18, 2019.

_____
Gray H. Miller
Senior United States District Judge