United States District Court
Southern District of Texas
**ENTERED**
April 04, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-18-0237 |
| | § | |
| JULISSA DIAZ | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Julissa Diaz, federal prisoner #41543-479, filed a *pro se* motion and supplemental motion for a compassionate release pursuant to 18 U.S.C. § 3582(C)(1)(A). (Docket Entries No. 226, 227.)

Having considered the motions, the record, matters of public record, and the applicable law, the Court DENIES the motions for the reasons shown below.

### *Background and Claims*

Defendant is a 42-year-old female prisoner currently confined at the Bureau of Prisons ("BOP") Aliceville FCI. Defendant pleaded guilty on January 15, 2020, to one count of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine. (Docket Entry No. 209.) The Court sentenced her to 87 months' imprisonment on March 24, 2021, followed by a 3-year term of supervised release. *Id*. She was ordered to surrender on June 30, 2021, to begin serving her sentence. Her current anticipated release date is September 1, 2027. Defendant states, and the record shows, that she has served 9 months, or approximately 10%, of the sentence imposed by this Court.

Defendant claims entitlement to a compassionate release based on (1) her Hispanic ethnicity, (2) asthma, (3) digestive issues of irritable bowel syndrome, gastritis, and stomach ulcers, (4) anemia, (5) hypertension, and (6) a prior history of smoking.

Defendant asks the Court to forgive 90% of her sentence, reduce her sentence to time served, and release her from prison.

### *Legal Standards*

Defendant brings this motion for sentence reduction and compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which allows a court in its discretion to modify a sentence under certain circumstances. Under the current version of the statute, a motion may be made by either the Director of the BOP or by a prisoner after the prisoner has fully exhausted his administrative rights. 18 U.S.C. § 3582(c)(1)(A). Compassionate release provisions under section 3582(c)(1)(A) authorize a court to modify a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction."

The United States Sentencing Commission addressed in a policy statement what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody. *See* U.S.S.G. § 1B1.13. However, the Fifth Circuit Court of Appeals has held that the Sentencing Commission's compassionate release policy statement does not bind district courts in considering motions brought by prisoners under 18 U.S.C. § 3582(C)(1)(A). *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. April 7, 2021). Accordingly, the district courts are free to determine whether a defendant's particular medical condition or other

situation constitutes extraordinary and compelling reasons for a compassionate release. *See United States v. Gonzalez*, 819 F. App'x 283, 284 (5th Cir. Sept. 4, 2020); *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011) ("[T]he decision whether to ultimately grant a modification is left to the sound discretion of the trial court."). A defendant in a section 3582(c)(1)(A) motion has the burden to establish that relief is warranted in his or her case.

The court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. The court must base its decision on "a thorough factual record" and "must provide specific factual reasons, including but not limited to due consideration of the § 3553(a) factors, for its decision." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed training, medical care, or other treatment in the most effective manner. 18 U.S.C. § 3553(a).

Thus, a defendant may be eligible for a compassionate release under section 3582(c)(1)(A) if the court finds "extraordinary and compelling reasons" warranting a sentence reduction and that the reduction would be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). The Fifth Circuit Court of Appeals has held that fear of COVID-19, standing alone, does not warrant a compassionate release. *See United States v. Thompson*, 984 F.3d 431, 435 (5th Cir. 2021).

*Exhaustion*

Fifth Circuit precedent and the plain language of 18 U.S.C. § 3582(c)(1)(A) make clear that the courts may not grant a defendant's motion for compassionate release unless the defendant has complied with the administrative exhaustion requirement. *See United States v. Garrett*, 15 F.4th 335, 337 (5th Cir. 2021) ("[T]o file a proper motion for compassionate release in the district court, a prisoner must first exhaust the available administrative avenues.").

Defendant alleges in general terms without support that she exhausted her administrative remedies. The Court will consider defendant's motions for a compassionate release without regard to exhaustion, as the motions lack merit.

***Extraordinary and Compelling Reasons***

*Medical Conditions*

Defendant claims entitlement to a compassionate release based on (1) her Hispanic ethnicity, (2) asthma, (3) digestive issues of irritable bowel syndrome, gastritis, and stomach ulcers, (4) anemia, (5) hypertension, and (6) a prior history of smoking. She asserts that five of these conditions elevate her risk of death or serious injury under CDC guidelines should she sustain a COVID-19 infection.

Current CDC guidelines for "People With Certain Medical Conditions" indicate that persons with moderate to severe asthma or hemoglobin blood disorders such as thalassemia and sickle cell disease, and former smokers or persons who are moderately or severely

immunocompromised, are "more likely to get very sick from COVID-19."[1] These are general guidelines that do not predict that any particular person with one or more of the specified conditions will get very sick from a COVID-19 infection. Hispanic ethnicity is not considered an independent risk factor; rather, the CDC mentions that ethnic or racial minority groups may be at increased risk due to where they work or live or an inability to access health care. The CDC further mentions that persons of ethnic and racial minorities may die from COVID-19 at younger ages because they develop chronic medical conditions at an earlier age.[2] The CDC guidelines do not affirmatively state that individuals of Hispanic ethnicity or background are *per se* at an increased risk of death or serious injury from COVID-19.[3]

Defendant has submitted no medical records in support of her alleged medical conditions. She attached as an exhibit to her motion a copy of labels from prescriptions for a mometasone inhaler (asthma), an albuterol inhaler (asthma), an oral iron supplement (anemia), and lisinopril (hypertension). (Docket Entry No. 226, p. 33.) These prescriptions would indicate that defendant is currently receiving medical attention and treatment for her asthma, anemia, and hypertension. However, the prescriptions do not provide information as to the severity, duration, and prognosis of her medical conditions, and provide no support

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions.html (accessed on April 3, 2022).

[2] *Id.*

[3] "Health Equity Considerations and Racial and Ethnic Minority Groups," https://www.cdc.gov/coronavirus/2019-ncov/community/health-equity/race-ethnicity.html (accessed on April 3, 2022).

for her claim that the conditions elevate her own risk for death or serious injury from a COVID-19 infection.

Moreover, defendant provides no medical information as to her allegations of having irritable bowel syndrome, gastritis, or stomach ulcers. She complains that medical providers are not treating these latter issues, but nothing in the record indicates that she brought these issues to their attention in clinic or that they diagnosed these conditions without treatment. Defendant provides no information demonstrating that these conditions, her Hispanic ethnicity, or her prior history of smoking have elevated her own individual risk for death or serious injury should she contract a COVID-19 infection. Her current BOP Individualized Needs Plan indicates that she is a CARE1 inmate requiring "healthy or simple chronic care." (Docket Entry No. 226, p. 34.) She has no medical restrictions and is cleared for working in food service. *Id.* Her most recent COVID-19 test result was negative. *Id.*

Thus, defendant does not show that her background or any medical conditions have elevated her risk for death or serious injury should she contract a COVID-19 infection, or that her ability for self-care has been impaired.

*Family Conditions*

Defendant complains that her minor daughter must live with her grandparents until the Court or BOP releases her from prison. Lack of satisfactory child care is a common complaint among prisoners with children. Defendant's current child care arrangements do not constitute grounds for a compassionate release.

*Facility Conditions*

Moreover, defendant does not demonstrate an increased risk of serious illness or death from COVID-19 due to her confinement at Aliceville FCI. The facility currently reports having 2 prisoners with positive COVID-19 test results and no reported inmate COVID-19 deaths. A total of 313 prisoners have recovered from COVID-19 infections at the facility.[4] Although defendant expresses legitimate and common concerns regarding COVID-19, she does not establish that her current facility cannot manage an outbreak or that the facility could not treat her if she were to contract the virus.

Defendant's current medical conditions, child care arrangements, and facility assignment do not constitute extraordinary and compelling reasons for granting her a compassionate release.

### *Sentencing Factors*

The Court must consider whether the applicable sentencing factors set forth under 18 U.S.C. § 3553(a) weigh in favor of her early release. These factors include, as applicable:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense.

*United States v. Chambliss*, 948 F.3d 691, 693 n.3 (5th Cir. 2020); 18 U.S.C. § 3553(a).

---

[4]*See* https://www.bop.gov/coronavirus/  (accessed on April 3, 2022).

The Court carefully considered these factors in determining defendant's sentence, and the applicable factors in her case have not changed since that time. Defendant's sentence was within the guidelines range and was appropriate in light of her criminal actions. Reducing the sentence imposed by this Court by 90% would result in a sentence that falls substantially below what Congress deemed appropriate for similarly situated defendants under the guidelines. The Court finds that reducing defendant's sentence by 90% would not promote respect for the law, provide just punishment, or afford adequate deterrence.

Consideration of the applicable sentencing factors leads this Court to conclude that relief under 18 U.S.C. § 3582(C)(1)(A) is not merited in this case.

## *Conclusion*

Defendant's motions for a compassionate release under 18 U.S.C. § 3582(C)(1)(A) (Docket Entries No. 226, 227) are DENIED.

Signed at Houston, Texas, on April 4, 2022.

Gray H. Miller
Senior United States District Judge